IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY TOTTEN et al, | No | C-03-5030 VRW |
|     Plaintiffs, | ORDER | |
|     v | | |
| BLAIR EXCAVATORS, INC et al, | | |
|     Defendant. | | |

Plaintiffs have filed a motion pursuant to FRCP 25(a) to substitute Deborah Jean Blair ("Deborah Blair") for her deceased husband, defendant Victor A Blair ("Victor Blair"). Doc #36. The motion was noticed for hearing on June 2, 2005. Deborah Blair did not respond to the motion to substitute, and the court ordered her to show cause in writing by June 13, 2005, why the motion should not be treated as unopposed. Doc #38. The court has received no response to the order to show cause.

Rule 25(a)(1) provides that under certain circumstances a party may be substituted upon death; the rule requires that for "persons not parties" (such as Deborah Blair here), a motion under Rule 25(a)(1) must "be served * * * in the manner provided in Rule

4 for the service of a summons." Rule 4(e) provides that

> service upon an individual from whom a waiver has not been obtained and filed * * * may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

The proofs of service on Deborah Blair filed in this case (Doc #36 Att 4, #37, #39) all identify 5241 Old Redwood Highway, PMB #1, Santa Rosa, CA 95403 as the place of service. The papers suggest that "PMB" stands for "private mail box" -- a rented facility for receiving mail -- and indeed, located at 5241 Old Redwood Highway is a business known as Larkfield Self Storage, which one process server described as "a private mailbox rental service." Doc #37. The papers suggest that this Larkfield Self Storage was the only location at which personal service was attempted. There is no indication that Larkfield Self Storage is Deborah Blair's usual dwelling place, her place of business or, for that matter, somewhere she frequents.

The foregoing details about plaintiffs' attempts at service reveal that Rule 4 (and thus Rule 25(a)(1)) has not been satisfied. There is no waiver of service pursuant to Rule 4(d).

2

There has been no personal service or service at Deborah Blair's "dwelling house or usual place of abode" pursuant to Rule 4(e)(2). And California's rules for service of process (incorporated by FRCP 4(e)(1)) provide that service at a "usual mailing address" is effective only "[i]f [papers] cannot with reasonable diligence be personally delivered to the person to be served." Cal Civ Pro Code § 415.20(b). Giving up on personal service after repeatedly visiting one location (the self-storage facility) where the party to be served is unlikely to be found does not constitute "reasonable diligence." See Doc #36 Att 4 (mail service only to 5241 Old Redwood Highway); Doc #37 (hand delivery to 5241 Old Redwood Highway); Doc #39 (repeated attempts at service all made at 5241 Old Redwood Highway).

Accordingly, the court finds that plaintiffs have failed to comply with Rule 25. But this is not grounds for denying the motion with prejudice, for plaintiffs have 120 days under Rule 4(m) in which to effect proper service of their motion to substitute. The motion to substitute (Doc #36) is therefore DENIED WITHOUT PREJUDICE to plaintiffs renoticing the motion if and when they succeed in serving Deborah Blair. The court admonishes plaintiffs, however, that it will not extend the time for service under Rule 4(m), and a failure to effect service within 120 days of the April 13, 2005, filing of plaintiffs' motion to substitute will result in

/
/
/
/
/

**dismissal of the claims against Victor Blair pursuant to the third sentence of FRCP 25(a)(1).**

      **IT IS SO ORDERED.**

_____
**VAUGHN R WALKER
United States District Chief Judge**

**4**