**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY TOTTEN, et al,                        No   C-03-5030 - VRW

    Plaintiffs,                          ORDER

    v

BLAIR EXCAVATORS, INC, et al,

    Defendants.
_____/

        On November 12, 2003, plaintiffs sued Blair Excavators, Inc, and Victor Blair for damages and injunctive relief under the Employee Retirement Income Security Act (ERISA), 29 USC §§ 1001 et seq, alleging breach of a collective bargaining agreement.  Doc #1. On April 13, 2005, plaintiffs moved pursuant to FRCP 25(a)(1) to substitute Deborah Jean Blair for defendant Victor Blair, who apparently died shortly after being served in August 2004.  Doc ##24, 36-1.  The court denied without prejudice plaintiffs' motion to substitute due to a defect in service.  Doc #40.

//

Soon thereafter, plaintiffs again moved for "an order substituting the surviving spouse, Deborah Jean Blair, in place of deceased defendant, Victor A Blair, in the action filed herein." Doc #42. The court found that plaintiffs' claims against Victor Blair would survive against a properly substituted party, but ordered plaintiffs to show cause why Deborah Blair is a proper party for substitution under Rule 25(a)(1). Doc #45 at 4.

Under FRCP 25(a)(1), "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." The proper party for substitution is "the person who has the legal right and authority to * * * defend against the claims brought against the deceased party." James William Moore, 6 Moore's Federal Practice § 25.12[3] (Matthew Bender 3d ed 2006). The movant must provide evidence that the party to be substituted is the successor in interest or legal representative of the decedent. See Hilao v Estate of Marcos, 103 F3d 762, 766 (9th Cir 1996) (applying Rule 25(a)(1) to legal representatives of the deceased defendant's estate); Mallonee v Fahey, 200 F2d 918, 919 (9th Cir 1952) ("Rule 25(a)(1) applies only to the substitution of legal representatives")).

In response to the court's order to show cause, plaintiffs submitted a memorandum supporting substitution, accompanied by a declaration from plaintiffs' attorney, Bruce K Leigh, and a series of exhibits. Doc ##47-1, 47-2. These exhibits demonstrate that Deborah Blair is both a successor in interest and legal representative of Victor Blair in satisfaction of FRCP 25(a)(1). Plaintiffs' assertion that Deborah Blair and Victor Blair were married is supported by, inter alia, a private

2

investigator's report listing "Deborah" as Victor Blair's spouse and a copy of Victor Allen Blair's death certificate listing "Deborah Blair-wife" as the informant. Doc #47-2 Ex B, H. Additionally, that Deborah Blair held an officer position at defendant corporation is evidenced by a copy of a contractor's license for Blair Excavators, Inc, listing her as an officer. Id at Ex J.

The court finds that plaintiffs have demonstrated that Deborah Blair is a proper party for substitution under Rule 25(a)(1). Accordingly, plaintiffs' motion to substitute Deborah Blair in place of deceased defendant Victor Blair is GRANTED.

IT IS SO ORDERED.

VAUGHN R WALKER

United States District Chief Judge